J-S01045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.Z. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| Z.M. | : | |
| | : | |
| Appellant | : | No. 947 MDA 2017 |

Appeal from the Order Entered May 25, 2017
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  2017--6444

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED FEBRUARY 06, 2018**

Appellant, Z.M., appeals from the order entered in the Luzerne County Court of Common Pleas, which granted the petition filed by Appellee, C.Z., under the Protection from Abuse ("PFA") Act, at 23 Pa.C.S.A. §§ 6101-6122. On May 18, 2017, Appellee filed a petition for a PFA order against Appellant claiming, *inter alia*, Appellant followed her and called her incessantly after Appellee had ended their dating relationship.  The court issued a temporary PFA order that day.  Following a PFA hearing on May 25, 2017, the court entered a final PFA order prohibiting Appellant from contacting Appellee for three years.  The court entered an amended order on June 8, 2017, to fix a scrivener's error.  Appellant timely filed a notice of appeal on June 9, 2017. By order entered June 26, 2017, with Pa.R.C.P. 236 notice issued the next day, the court directed Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b), within 30 days.  Appellant's Rule 1925(b) statement is

dated July 19, 2017. The certificate of service and proofs of service indicate Appellant served opposing counsel and the trial judge on that date. On July 21, 2017, Appellant inadvertently filed his concise statement in the Superior Court, not the trial court.

Preliminarily, appellants must timely comply whenever the trial court orders them to file a Rule 1925(b) concise statement. **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998). Regarding civil cases:

> Our Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that failure to comply with the minimal requirement of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. …

**Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*) (internal citations and quotation marks omitted) (emphasis omitted). In addition to filing a concise statement on the docket, an appellant must concurrently serve the trial judge. Pa.R.A.P. 1925(b)(1). Failure to serve the trial judge can constitute waiver of issues on appeal. **See Forest Highlands Community Ass'n v. Hammer**, 879 A.2d 223 (Pa.Super. 2005) (explaining Rule 1925(b) imposes waiver consequences upon appellant who fails to serve trial judge with concise statement of errors). Nevertheless, upon application of an appellant for good cause shown, this Court may remand in a civil case for the filing of an initial, amended or supplemental concise statement and/or a supplemental trial court opinion. **See** Pa.R.A.P. 1925(c)(2), *Note*.

Instantly, by order entered June 26, 2017, with Rule 236 notice issued the next day,[1] the trial court directed Appellant to file a Rule 1925(b) statement within **30 days**. Thus, Appellant's concise statement was due July 27, 2017. Appellant's Rule 1925(b) statement is dated July 19, 2017. The certificate of service and proofs of service indicate Appellant served opposing counsel and the trial judge on that date. On July 21, 2017, Appellant inadvertently filed his concise statement in the Superior Court, not the trial court. Nevertheless, the trial court issued a Rule 1925(a) opinion, stating Appellant had failed to file a Rule 1925(b) statement, constituting waiver of all issues on appeal. Consequently, the trial court declined to address any of Appellant's issues on the merits.

In response, Appellant filed a motion in the trial court for leave to file his Rule 1925(b) statement *nunc pro tunc*. Appellant indicated he mailed his statement on July 19, 2017, to opposing counsel and the trial court. Appellant attached a copy of the cover letter and concise statement he served on the trial judge, dated July 19, 2017, and proofs of mailing to confirm his claims. Appellant also showed that he had inadvertently filed his concise statement in the Superior Court, which time-stamped it July 21, 2017. Without explanation, the trial court denied Appellant *nunc pro tunc*

---

[1] **See** Pa.R.A.P. 108(b) (stating date of entry of order in matter subject to Pennsylvania Rules of Civil Procedure shall be date on which clerk makes notation in docket that notice of order has been given per Rule 236).

relief.

Under these circumstances, Appellant has demonstrated good cause to allow him to file his Rule 1925(b) statement *nunc pro tunc* on the trial court docket. **See generally** Pa.R.A.P. 751(a) (stating if appeal or other matter is filed in incorrect court, court shall transfer it to proper court of this Commonwealth, where appeal or other matter shall be treated as if originally filed in transferee court on date first filed in incorrect court). Accordingly, we remand for the trial court to grant Appellant leave to file the **same** Rule 1925(b) statement *nunc pro tunc* **immediately** with the Luzerne County Prothonotary, and to serve opposing counsel and the trial judge again.[2] The trial court shall have 30 days thereafter to issue a supplemental opinion addressing the claims and return the certified record including the supplemental opinion to this Court. **See** Pa.R.A.P. 1925(c)(2), *Note*.

Case remanded with instructions. Panel jurisdiction is **retained**.

---

[2] Appellant cannot raise any new issues other than those included in the concise statement he inadvertently filed in the Superior Court on July 21, 2017.